# CHANCERY COURT

FOR THE

## SEVENTH CHANCERY DISTRICT

OF THE

## STATE OF TENNESSEE.

PLOWMAN & EVE *v.* J. A. SATTERWHITE and others.

April Term, 1875.

INJUNCTION OF MORTGAGE OR TRUST SALE UNDER 1873, 10 — PRACTICE. — Under 1873, 10, which forbids the granting of an injunction to stay the sale of real estate in foreclosure of a mortgage or trust deed, unless twenty days' notice of the application be given, a preliminary order to postpone the sale for the twenty days may be granted upon bill filed; but the mortgage creditor may bring the application to a hearing within the twenty days, if he sees proper.

SAME — GROUNDS OF APPLICATION. — It is no ground for an injunction to stay a mortgage sale that the complainant alleges that he has made payments on the mortgage debt, and has an account against the holders thereof which is unliquidated, and that the holder is claiming ten per cent interest, when complainant is advised he is only entitled to six per cent, without stating facts from which the judge can see that the allegations are well founded, and can determine the amount of credit with reasonable certainty.

TRUSTEE — QUALIFICATION UNDER THE CODE, SEC. 1974. — A trust sale ought not to be enjoined if, before the hearing, but after the filing of the bill, the trustee has qualified under the Code, sec. 1974.

1

SAME — QUESTION RESERVED. — *Quære*, whether the provisions of the Code,. sec. 1974, apply to a trustee or mortgagee under a deed made to secure money loaned at the time.

*T. L. Dodd*, for complainants.
*G. P. Thruston* and *T. M. Steger*, for defendants.

THE CHANCELLOR : — This is the first case which has been brought before me under the act of the General Assembly of February 28, 1873, ch. 10.   The act forbids the granting of an injunction to stay the sale of land conveyed by deed of trust or mortgage, with power of sale, to secure the payment of loaned money, unless twenty days' notice of the time and place of making the application be given to the trustee or mortgagee.   There is a proviso that, in order to enable the complainant to give the required notice, the sale shall be postponed until the judge or chancellor acts upon the application for an injunction.   The second section of the statute directs that the party applying for relief " shall distinctly state how, when, and to whom the debt, or any part of the debt, secured has been paid, or any circumstances of fraud which vitiate the contract."   It further provides for an extension of time, at the instance of the trustee or mortgagee, to file an answer ; and then the judge or chancellor shall, upon said bill and answer, hear said cause at chambers, " as upon motion to dissolve the injunction," the decision to be embodied in a written decree, to constitute a part of the record in the cause, and enclosed to the clerk and master of the court in which the suit is pending.

The object of this act was, undoubtedly, to prevent the delays too often interposed, upon *ex parte* statements, between the breach of mortgages and trust deeds and their foreclosure by sale under the power usually inserted in them.   It is notorious that the raising of money by such securities on real estate has been greatly restricted in this state by the delays thus interposed.   Our laws regulating

this important branch of business are as unexceptionable as those of any of our sister states. The evil has been in the ease with which injunctions against the foreclosure of these instruments could be procured, upon bill filed by the debtor for that purpose. The act'of 1873 was intended to prevent, interference with prompt sales under frivolous pretexts.

The complainants made two trust deeds of the property in controversy, with powers of sale for cash, free from the equity of redemption, if the money secured was not promptly paid at maturity. The first of these deeds was made to John V. Farrell, trustee, to secure a note for $2,500 given to the Republic Life Insurance Company for money loaned. The second deed was made to James Hickman as trustee, to secure a debt due to him as guardian of a minor, which debt was assigned to the defendant J. A. Satterwhite. The land having been advertised to be sold under this last deed, application was made by the complainants to a circuit judge, who granted an order staying the sale for twenty days, until an injunction could be formally applied for under the act. The defendants thereupon voluntarily appeared, filed answers, and have brought the matter before me for action. They have not waited for the expiration of the twenty days' delay ; nor were they bound to do so, the delay provided by the statute being intended for their benefit. They have also, as they had the right to do, brought the case before me as chancellor, by notice to the complainants, instead of allowing the latter to take their own time before the circuit judge granting the temporary stay. They might, it is true, have waited to see whether the judge would have granted the injunction, and, if granted, have then brought, it before me by notice and motion to dissolve. The delay, as well as the trouble of the hearing before the circuit judge, is saved by the course pursued.

The bill, after stating the execution of the deed to Hickman as trustee, and the assignment of the debt secured to Satterwhite, says " that payments have been made to said

Satterwhite by Eve, on said note, and said Eve has an account against Satterwhite for board, which is unliquidated," and which he has a right to demand shall be credited on the note. The bill adds that Satterwhite is insisting that he is entitled to interest at the rate of ten per cent on said note, when, as complainants are advised, he is only entitled to six per cent.

Outside, altogether, of the provisions of the second section of the act of 1873 above quoted, and which were intended to require specifications of time, place, and amount, as well as other requisites of definiteness in the complainant's allegations, it is very clear that the averments quoted are utterly insufficient, upon well-established principles of equity pleading, to sustain an application for an injunction. At most, they amount merely to the expression of an opinion by the complainants that they are entitled to credits, and ought only to be charged with interest at the rate of six per cent. But if injunctions could be obtained upon mere opinions, the lenders of money might well be afraid. The ordinary rules of pleading require the statement of facts from which the court can draw its own deductions as to the rights claimed. Here are no facts, no dates, no amounts, and no circumstances to enable the court to form an opinion. The complainants are clearly not entitled to an injunction upon such a showing.

The injunction as against the sale under the other trust deed is rested upon the allegation that the trustee had never qualified by giving bond as required by the Code, sec. 1974. But although the trustee had not, at the filing of the bill, qualified under the section referred to, neither had he undertaken to sell, and *non constat* that he would not have qualified before proceeding to act. And it now appears that he has actually qualified, thus doing away with the *gravamen* of the bill. Besides, it is by no means certain that the provisions of the statute in question apply to trust deeds and mortgages made to secure contemporaneous

advances. They certainly do not apply to continuing trusts for the benefit of persons under disability, although the trustee may be clothed with the power of sale. They were designed to cover general assignments by failing debtors for the benefit of creditors at large, where there are a number of parties interested, no one of whom, perhaps, had notice of the person selected as trustee, or could be considered as authorized to act for all, either in the selection or supervision of the trustee.

The injunction asked for is refused.